UNITED STATES

v.

Private (E–1) Jimmy Ray SMITH, 434–90–4462, U. S. Army, Service Battery, 2d Battalion, 37th Field Artillery, Fort Sill, Oklahoma.

CM 432245.

U. S. Army Court of Military Review.

18 July 1975.

Appearances: Appellate counsel for the Accused: CPT John M. Nolan, JAGC; CPT Michael R. Caryl, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC; COL Victor A. De Fiori, JAGC. Appellate Counsel for the United States: CPT John R. Erck, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

COOK, Judge:

Contrary to his plea, the appellant was convicted by a general court-martial of three specifications of larceny, (violations of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921), five specifications of stealing from the mails, (violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934), and one specification alleging his wrongful use of a false document (also a violation of the last cited statute). He was sentenced as noted above.

Appellant asserts that the trial judge erred in not granting his motion to dismiss the charges on the grounds that he had been denied a speedy trial.

Facts relevant to a consideration of this assigned error are as follows:

During an unannounced unit inspection conducted on 4 February 1974, various items which had been the subject of on-post larcenies were found in the appellant's billets. As a consequence, the appellant was immediately placed in pre-trial confinement where he remained until his first court appearance on 20 May 1974, a period of 117 days.[1]

Initially two charges were preferred on 2 March 1974 and referred on 2 April 1974. Thereafter on 10 April and 15 April 1974 several additional charges were preferred and eventually referred on 3 May 1974 for trial with the original charges. It was not until 7 May 1974 that any attempt was made to set a trial date.

This factual situation immediately raises the spectre of *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), and the handmaiden case of *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973). The only activity the government relies upon, both at the trial and at the appellate level (and the only one

which the facts would support) to meet its "heavy burden" of showing diligence in the disposition of this case, is the effort and time expended in the investigation, preferral and referral of the later discovered offenses. Obviously, such reliance is prompted by the long standing military practice of adhering to the provisions of paragraphs 30 *g* and 33*h*, Manual for Courts-Martial, United States, 1969 (Revised edition), the "single trial" provision. In this case the government was apparently ready for trial on the original charges on or shortly after their referral on 2 April 1974, well short of the critical 90 days. It delayed thereafter only to complete its processing of the additional charges so that all charges could be tried at a single trial.

The US Court of Military Appeals has recently held that reliance upon such ancient practice to toll the running of the *Burton* period is misplaced. In *United States v. Ward*, 23 U.S.C.M.A. 391, 50 C.M.R. 273, 1 M.J. 21 (1975), the Court announced ". . . that the intercession of a new charge does not automatically authorize deferment of the trial of the original charges for which the accused had been confined. As more than 90 days elapsed before the accused was brought to trial on the original charges, and he did not, as noted earlier, request delay, and no extraordinary reasons justified delay, the *Burton* presumption was operative, and the original charges should have been dismissed."

In conformity with that opinion this Court must dismiss the original charges.

Left for consideration are Additional Charges I and II.

"Speedy trial accountability begins either with imposition of pretrial restraint upon the accused or presentment of a formal charge, whichever first occurs. When only a single offense is involved, the determination of the beginning of the

---

1. Parenthetically, at that appearance the appellant initiated a request for other counsel which resulted in an additional delay until 27 June 1974. The appellant continued in confinement during this delay. However, as the period from 20 May to 27 June was clearly as a result of the appellant's own request, it is not chargeable to the government and will not be an element for further consideration in this opinion. *United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974).

Government's accountability is simply a matter of ascertaining the dates of the operative events. However, other problems are introduced if the accused has committed offenses that were not known at the time of imposition of restraint or formal charge, or if offenses are committed after restraint or charge. In those instances, each 'set of charges involves a different time of beginning and different steps in the course that . . . [brings] them to trial.' *United States v. Mladjen*, 19 U.S.C.M.A. 159, 161, 41 C.M.R. 159, 161 (1969). The beginning date of accountability applicable to the original charge does not attach to the later-discovered or later-committed offense; instead, the period of accountability must be separately calculated. *United States v. Marell*, 23 U.S.C.M.A. 240, 49 C.M.R. 373 (1974); *United States v. Johnson*, 23 U.S.C.M.A. 91, 48 C.M.R. 599 (1974).

"This determination of separability for the purpose of computing the Government's accountability has long been recognized by this Court, both before and after our decision in *Burton*. For those cases, like the one at bar, where an accused is already confined on one set of offenses on which the Government's accountability has already begun to run, *United States v. Johnson*, 23 U.S.C.M.A. 91, 48 C.M.R. 599 (1974), provides the test for determining when the Government becomes accountable on subsequently committed or discovered offenses. In that case, we stated 'that the delay should commence when the Government had in its possession substantial information on which to base the preference of [those additional] charges.' " (Footnotes omitted).

■ Applying the guidance provided in the above-quoted language from *United States v. Ward, supra*, and *United States v. Johnson*, 23 U.S.C.M.A. 399, 50 C.M.R. 279, 1 M.J. 101 (1975), to the facts in this case, we find that the Government had in its possession the requisite "substantial information" on which to base the preference of these additional charges on 8 April 1974. It was on that date that the appellant was identified from a lineup as the individual who had used the false document in question to cash the money orders which were the subject of the additional charges. This identification triggered the preferral of the two additional charges contained on the charge sheet dated 10 April 1974.[2]

Obviously the lapsed time from 8 April till 20 May 1974 does not approach that needed to invoke the *Burton* presumption and our review of the record reveals that the Government's conduct cannot be faulted by any other legal test involving "speedy trial" standards.

The appellant also asserts that he was prejudiced by an inadequate post-trial review. Most of the complaints are rendered moot by our action with respect to the speedy trial issue. We will cure any possible prejudice arising therefrom by our reassessment of the sentence.

The findings of guilty of Charge I and its specifications and Charge II and its specifications are set aside and those charges are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for confinement at hard labor for one year, forfeiture of all pay and allowances, and a bad-conduct discharge.

Senior Judge BAILEY and Judge CLAUSE concur.

---

2. As the charge contained on the charge sheet of 15 April 1974 was dismissed at trial we have omitted it from consideration.